## IN THE NINTH JUDICIAL CIRCUIT COURT,
## IN AND FOR ORANGE COUNTY, FLORIDA

AMANDA ALBINO,                                    Case No.:

Plaintiff,

vs.

WYNDHAM VACATION
OWNERSHIP, INC.,

Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AMANDA ALBINO ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, WYNDHAM VACATION OWNERSHIP, INC. ("Defendant"), and alleges the following:

1.      Plaintiff brings these claims for pregnancy-based discrimination and retaliation against Defendant in violation of Orange County Civil Rights Ordinance, Section 22-28 ("OCCRO") and the Family Medical Leave Act ("FMLA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

## VENUE

2.      Venue is proper because Defendant conducts substantial business in Orange County, Florida, and Plaintiff worked for Defendant in Orange County, Florida, where the actions at issue took place.

1

## PARTIES

3.      Plaintiff is an adult individual who resides in Orange County, Florida.

4.      Plaintiff is protected by OCCRO because:

   a.      She was a pregnant female, who suffered discrimination and retaliation based on her pregnancy by Defendant;

   b.      Plaintiff objected to this pregnancy-based discrimination/harassment;

   c.      Plaintiff suffered adverse employment action because of discrimination/retaliation and was fired.

5.      At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the OCCRO.

6.      At all times material hereto, Defendant were Plaintiff's "employer" within the meaning of the OCCRO.

7.      Defendant is a Florida Corporation that operates and conducts business in, among other places, Orange County, Florida, and is therefore, within the jurisdiction of this Court.

## CONDITIONS PRECEDENT

8.      Plaintiff timely files this action within the applicable period of limitations against Defendant under OCCRO.

9.      All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

10.     Plaintiff worked for Defendant from May 2013, until her wrongful termination on March 7, 2018.

11.     In February 2018, Plaintiff requested leave due to complications with her pregnancy.

12.     This leave was initially granted to Plaintiff by Defendant.

13.     Prior to returning to work on or around March 7, 2018, Defendant terminated Plaintiff's employment for alleged poor performance.

14.     Prior to requesting and taking leave, Plaintiff was unaware of any performance deficiencies Defendant felt she had.

15.     Plaintiff was terminated as a direct result of her pregnancy and her pregnancy-related leave.

16.     By reasons of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions, or privileges" of Plaintiff's employment as envisioned by the OCCRO.

17.     At all material times hereto, Plaintiff was ready, willing, and able to perform her job duties and otherwise qualified for her positions.

18.     Defendant does not have a non-discriminatory, and/or non-retaliatory rationale for terminating Plaintiff's employment.

## COUNT I: GENDER DISCRIMINATION UNDER OCCRO

19.     Plaintiff realleges and incorporates all allegations contained within Paragraphs 1-18, as if fully set forth in this Count.

3

20.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against gender discrimination under the OCCRO.

21.     The discrimination to which Plaintiff was subjected was based on her gender due to her pregnancy.

22.     Defendant did not have a legitimate, non-discriminatory/retaliatory reason for Plaintiff's firing.

23.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

24.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

25.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to OCCRO.

26.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court will:

27.     Issue a declaratory judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under the OCCRO;

28.     Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

29.     Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

30.     Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to OCCRO; and

31.     Provide any additional relief that this Court deems just.

## COUNT II: RETALIATION UNDER THE OCCRO

32.     Plaintiff realleges and adopts allegations contained in paragraphs 1-18, as if fully set forth in this Count.

33.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under OCCRO.

34.     The retaliation to which Plaintiff was subjected was based on her gender based on her request for pregnancy-related leave.

35.     The timing between Plaintiff's pregnancy related leave and her firing, are sufficiently close in time so as to create a close temporal nexus/proximity between the two events.

36.     Defendant do not have a legitimate, non-retaliatory reason for its firing of Plaintiff.

37.     The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

38.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

39.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to OCCRO.

40.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

41.     Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the OCCRO.

42.     Require that Defendant make Plaintiff whole for her losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through an award of front pay;

43.     Grant Plaintiff a judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

44.     Award Plaintiff her reasonable attorneys' fees and litigation expenses against Defendant pursuant to OCCRO; and

45.     Provide any additional relief that this Court deems just.

## COUNT III-INTERFERENCE UNDER THE FMLA

46.     Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 18.

47.     Plaintiff was an employee of Defendant since November 2014.

48.     By the very nature of its work, Defendant is a corporation that is engaged in commerce.

49.     Defendant is engaged in an industry affecting commerce.

50.     Defendant employs more than 100 employees.

51.     Defendant employs more than fifty (50) employees within 75 miles of its Seminole County, Florida facility.

52.     Plaintiff's pregnancy made her eligible for leave under the Family Medical Leave Act.

53.     Plaintiff advised Defendant of her need for FMLA leave due to her pregnancy.

54.     Plaintiff was authorized and approved for FMLA leave beginning on or about April 12, 2017.

55.     Plaintiff was asked to return early from leave on or about June 19, 2017.

56.     Plaintiff did return to work early from leave on or about June 19, 2017.

57.     Defendant terminated her three days later on June 22, 2017.

58.     Defendant had no legitimate reason for terminating Plaintiff.

59.     Defendant's actions interfered with Plaintiff's rights under the FMLA.

60.     Plaintiff was eligible for FMLA-covered leave after fifty-two (52) weeks of employment.

61.     Defendant was Plaintiff's employer as defined by the FMLA.

62.     Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

63.     As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

64.     Plaintiff has no plain, adequate or complete remedy at law for the actions of DEFENDANT, which have caused and continue to cause irreparable harm.

65.     Defendant's violations of the FMLA were willful.

66.     Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

## COUNT IV – RETALIATION UNDER THE FMLA

67.     Plaintiff restates and incorporates herein the foregoing paragraphs 1 through 18.

68.     Defendant is engaged in an industry affecting commerce.

69.     Defendant employs more than 100 employees.

8

70.     Defendant employs more than fifty (50) employees within 75 miles of its Seminole County, Florida facility.

71.     Plaintiff's pregnancy made her eligible for leave under the Family Medical Leave Act.

72.     Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

73.     Defendant was Plaintiff's employer as defined by the FMLA.

74.     Defendant discriminated and/or retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

75.     Defendant discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA.

76.     Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

77.     Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

78.     Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

79.     Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

80.     As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses,

emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

81.     Defendant's violations of the FMLA were willful.

82.     Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

## RELIEF REQUESTED

Plaintiff respectfully requests:

i.      That the Court declare that Defendant violated the aforementioned causes of action;

ii.     A jury trial and entry of judgment in Plaintiff's favor;

iii.    Back pay;

iv.     Front pay;

v.      Compensatory damages;

vi.     Liquidated damages;

vii.    Attorney's fees and expenses;

viii.   Prejudgment interests, and, if applicable, post-judgment interest;

ix.     Conditional certification of a collective action;

x.      Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which she may be entitled; and

xi.     Plaintiffs ask for in excess of $250,000 in economic, compensatory, and punitive damages (subject to amendment based on discovery) or such amount awarded by a jury for the aforementioned harms to Plaintiff.

## JURY DEMAND

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated this  17th   day of October 2018.

Respectfully submitted,

**s/ CARLOS V. LEACH**
Carlos V. Leach, Esquire
FBN 0540021
THE LEACH FIRM,. P.A.
1950 Lee Rd., Suite 213
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email: cleach@theleachfirm.com
*Attorney for Plaintiff*